# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FABIAN VILLARREAL, | |
| Plaintiff, | 2:14-cv-01415-APG-VCF |
| vs. | **ORDER** |
| ELDORANDO RESORTS CORPORATION, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Additional Time to File Proof of Service as to Defendant Dominic Talagani (#33).

**Background:**

This matter involves Plaintiff Fabian Villarreal's employment discrimination action. (#1). Accordingly to the allegations in the complaint, Plaintiff was wrongfully terminated from the Eldorado on November 7, 2013. Plaintiff alleges that, because he is Hispanic, he was never provided the opportunity to work as a project director on his own. He alleges that Eldorado was intentionally stealing money from Plaintiff by indiscriminately charging commission reversals against his earnings, commission reversals for sales made months and years before the reversal charge. When he asked for an explanation for the taking of his commissions, allegedly, Eldorado retaliated and harassed Plaintiff for making the inquiries. Plaintiff was demoted. On November 7, 2013, Plaintiff was terminated from Eldorado.

On June 27, 2014, Plaintiff was issued his right to sue letter from the Equal Employment Opportunity Commission. On August 9, 2014, Plaintiff filed his complaint against Defendants Eldorado Resorts Corporation, Michael Marrs, Bruce Polansky, Kristen Beck, Dominic Talagani, and James

Grimes.  On October 28, 2014, Defendants Eldorado Resorts Corporation, Michael Marrs, Kristen Beck, and James Grimes filed their Motion for Partial Dismissal of Plaintiff's Complaint.  (#8).  On November 18, 2014, Plaintiff filed an Amended Complaint for Damages (#12).  On December 5, 2014, Defendants Eldorado Resorts Corporation, Michael Marrs, Kristen Beck, and James Grimes filed their Motion for Partial Dismissal of Plaintiff's First Amended Complaint.  (#13).

On April 17, 2015, Plaintiff filed the instant motion for additional time to file proof of service as to Defendant Dominic Talagani.  (#33).  Plaintiff has attempted service on Defendant Dominic Talagani several times over the last several months. (*Id.* at 3 and 4). Plaintiff tried to serve Defendant Talagani at his last known residence, at his workplace in Las Vegas, and at his workplace in Florida.  *Id.* Counsel for Eldorado Resorts Corporation refused to accept service on Defendant Talagani's behalf.  (*Id* at 4).

**Legal Standard**

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  "The 120-day time limit imposed by Rule 4(m) expires 120 days after the first complaint in which the defendant is named..." is filed. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)(emphasis added).  The 120–day time limit for service does not restart each time a plaintiff files a new amended complaint.  *Id.*

The court has broad discretion when determining whether to extend time for service of process. *U.S. v. 164 Watches, More or Less Bearing on Registered Trademark of Guess? Inc.*, 366 F.3d 767 (9th Cir. 2004).  If the court does not find good cause to extend time for service as contemplated under Rule 4(m), the court may extend time for service upon a showing of excusable neglect. *Lemoge v. U.S.*, 587

F.3d 1188, 1198 (9th Cir. 2009) (*citing In re Sheehan*, 253 F.3d 507, 512-14 (9th Cir.2001)). "In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)). "Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action." *Id.* The district court may extend time for service of process retroactively after the 120-day service period has expired. See *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003).

**I.     Analysis**

Plaintiff's original complaint, naming Dominic Talagani as a defendant, was filed on August 29, 2014. (#1). The deadline to effectuate service of process was December 27, 2014. Fed. R. Civ. P. 4(m). Plaintiff filed the amended complaint (#12) on November 18, 2014 with no changes to the named parties, the filing of this amended complaint does not reset the 4(m) deadline for any of the already named defendants in the original complaint. *See Bolden*, 441 F.3d at 1148. The 4(m) deadline to effectuate service upon all defendants was December 27, 2014. (#12). Plaintiff has not demonstrated that he was unable to effectuate service upon the Dominic Talagani by the December 27, 2014 deadline. Fed. R. Civ. P. 4(m). Plaintiff only attempted service on Defendant Talagani after December 27, 2014. In Plaintiff's motion for additional time to file proof of service and declaration of Daniel R. Watkins, Esq., the first listed attempted service of process date is January 20, 2015 in Fort Lauderdale, Florida. (#33). In Exhibit A to the motion, process server, Cathy V. Holmes, began attempted service on Defendant Talagani in Las Vegas, Nevada on February 22, 2015. (#33 at 12). This is 57 days after the December 27, 2014 deadline.

Exhibit E to the motion shows two attempted services of process dates before December 27, 2014, however, these attempted services of process are for another case.

Plaintiff must make a showing of good cause or excusable neglect in order for the court to extend this deadline for an appropriate period. *See* Fed. R Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively). The time to effectuate service upon Defendant Talagani had expired, before Plaintiff began attempted service on him. *See* Fed. R Civ. P. 4(m); *Lemoge*, 587 F.3d at 1198; *Mann*, 324 F.3d at 1090 (the court may extend the deadline for service of process retroactively). Here, Plaintiff has not demonstrated good cause or excusable neglect in order for the court to extend this deadline. There is no indication that Defendant Talagani received notice of this lawsuit prior to December 27, 2014.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Additional Time to File Proof of Service as to Defendant Dominic Talagani (#33) is DENIED.

IT IS FURTHER ORDERED that on or before May 18, 2015, Plaintiff must file with the court a response showing cause as to why claims against Defendant Talagani should not be dismissed without prejudice for failure to effectuate service by December 27, 2014. Any reply thereto must be filed by May 29, 2015.

DATED this 5th day of May, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE